STATE OF MAINE                                    SUPERIOR COURT
                                                    CIVIL ACTION
YORK, ss.                                    DOCKET NO. CV-08-353


RANDALL HOFLAND,

        Plaintiff

v.                                                  ORDER


YORK COUNTY JAIL, et al.,

        Defendants


Mr. Randall Hofland is currently held at the York County jail awaiting trial on charges from Waldo County. In December of 2008 he filed a petition for writ of mandamus and injunctive relief based on his belief that jail officials had interfered with his constitutional rights to read local newspapers and to have access to the evening television news programs. Since then more than a dozen motions have been filed including motions, which if granted, would expand the scope of this suit.

I can find no bases for the Court to become involved, on constitutional grounds, in detailed questions concerning what newspapers are available, or when and what television programming is made available. Those details, if they are to be regulated by anyone other than jail officials, must come from the legislature or by regulation.

The Law Court noted in *Department of Corrections v. Superior Court*, 622 A.2d 1131, 4 (Me. 1993), "The courts of this state always have the power and duty to uphold the State and Federal Constitutions." However, the court stated, at 1135, that "We do not denigrate the oath that all judges take to uphold both Constitutions, but that oath does not confer a roving commission to seek out and correct violations." Here there is no

constitutional violation and it is not the job of the judicial branch of government to interfere in decisions regarding the minute details of inmate access to newspapers or television news.

The initial petition will be dismissed with prejudice. This decision does not resolve any other claims that Mr. Hofland was attempting to raise through his various evolving motions.

The entry is:

Petition for writ of mandamus and injunctive relief is dismissed with prejudice.

All other motions are dismissed as moot.

As separately ordered from the bench, counsel for York County shall inform the Court and Mr. Hofland in writing of the whereabouts of his various files and legal papers.

Dated:      July 28, 2009

Paul A. Fritzsche
Justice, Superior Court